UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

KEVIN HUGHES                                                        CIVIL ACTION

v.                                                                  NO. 14-0998

UNITED STATES OF AMERICA                                            SECTION "F"

ORDER AND REASONS

Before the Court is the plaintiff's motion for summary judgment to enforce the settlement agreement. For the reasons that follow, the motion is DENIED.

Background

This personal injury lawsuit arises from Kevin Hughes's claim that he was injured during a car accident involving a government vehicle on May 14, 2013. Hughes sued the United States under the Federal Tort Claims Act on May 1, 2014. Following a settlement conference with Magistrate Judge Wilkinson on March 26, 2015, the parties agreed to settle the case for $40,000.00. On March 27, 2015, the Court entered an Order of Dismissal in which the Court retained jurisdiction to enforce the settlement agreement.

When the United States Department of the Treasury received the settlement agreement signed by both parties, it issued a check to Hughes in the amount of $40,000. However, the Department of Treasury was statutorily obligated to offset the amount pursuant to 31 U.S.C. §3716. The Department of Treasury identified the United

1

States Department of Education and the Office of the Attorney General as the government agencies collecting the plaintiff's outstanding debt in the amount of $39,259.66. Therefore, the plaintiff received a check in the amount of $740.34.[1]

The plaintiff now seeks to enforce the settlement agreement; he seeks the full $40,000 settlement amount.

I.

A.

Federal Rule of Civil Procedure 56 instructs that summary judgment is proper if the record discloses no genuine dispute as to any material fact such that the moving party is entitled to judgment as a matter of law. No genuine dispute of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio., 475 U.S. 574, 586 (1986). A genuine dispute of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The Court emphasizes that the mere argued existence of a

---

[1]The United States Department of Treasury had sent correspondence to the plaintiff explaining the amount and type of government debt owed, the rights available to him, and he was advised that the agency intended to collect the debt by intercepting any federal payments made to him. Additionally, the Department of Treasury indicated that, if plaintiff believed his federal payment was reduced in error, he was instructed to contact the agencies collecting the debt.

factual dispute does not defeat an otherwise properly supported motion. See id. Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party. See Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d 646, 649 (5th Cir. 1992). Rather, he must come forward with competent evidence, such as affidavits or depositions, to buttress his claim. Id. Hearsay evidence and unsworn documents that cannot be presented in a form that would be admissible in evidence at trial do not qualify as competent opposing evidence. Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987); FED. R. CIV. P. 56(c)(2). Finally, in evaluating the summary judgment motion, the Court must read the facts in the light most favorable to the non-moving party. Anderson, 477 U.S. at 255.

*B.*

Louisiana law indicates that a compromise settles only those differences that the parties clearly intended to settle, including the necessary consequences of that they express. Smith v. Amedisys Inc., 298 F.3d 434, 445 (5th Cir. 2002). When a contract can be construed from the four corners of the instrument without looking at extrinsic evidence, the question of contractual interpretation is answered as a matter of law and thus summary judgment is

appropriate. Id. at 448.

## II.

The plaintiff seeks summary judgment to enforce the settlement. He contends that he is entitled to summary judgment to enforce the settlement agreement for three reasons: (1) the settlement agreement clearly states the United States has to pay $40,000 and they only paid $740, (2) the offset was not required, and (3) alternatively, the United States cannot seize the attorney's fee and costs.  The United States opposes the motion because (1) it met all settlement obligations, (2) the plaintiff, and not the United States, is solely indebted to any third parties who rendered services to plaintiff, and (3) objections to whether a debt is valid for purposes of offset are properly addressed to the agency owed the debt. The Court agrees.

*A.*

First, the plaintiff contends that the settlement agreement obliges the United States to pay him $40,000. Because the settlement agreement clearly states that the United States agreed to pay $40,000, it did not comply by sending a $740 check. The defendant counters that the plaintiff's objections are properly addressed to those agencies to whom he owes a debt, and that the United States has fully complied with the settlement agreement by arranging for the Treasury to issue payment for $40,0000. The Court agrees.

The plaintiff's motion fails as a matter of law. 31 U.S.C. § 3716 states in part:

> Except as otherwise provided in this subsection, a disbursing official of the Department of Treasury, the Department of Defense, the United States Postal Service, the Department of Health and Human Services, or any other government corporation, or any disbursing official of the United States designated by the Secretary of Treasury, shall offset at least annually the amount of payment which a payment certifying agency has certified to the disbursing official for disbursement, by an amount equal to the amount of a claim which a creditor agency has certified to the Secretary of Treasury pursuant to this subsection.

This statute authorizes the Department of Treasury to operate debt collection trough the Treasury Offset Program. Treasury disburses federal payments as the disbursing agency for federal agencies making federal payments, and federal agencies which are owed debts are required to refer those debts to Treasury for inclusion in the Treasury Offset Program. 31 U.S.C. §3701 defines an administrative offset as withholding funds payable to satisfy a claim. Once a debt is submitted for administrative offset, Treasury, as the disbursing agency and operator of the Treasury Offset Program, is required to offset a payment to satisfy the debt. 31 U.S.C. §3716(c)(1)(A). Settlement funds constitute a federal payment. 31 C.F.R. 285.5(e)(1). (Unless exempted in 31 C.F.R. 285.5(e)(2), all federal payments are eligible for offset and "include, but are not limited to . . . judgments . . . and other payments made by Federal agencies."). Offset is a mandatory, non-discretionary function.

<u>Johnson v. U.S. Dep't of Treasury</u>, 300 F.App'x 860, 862 (11th Cir. 2008).  A payee has no claim for non-payment as a result of the administrative offset under 31 U.S.C. §3716(c) ("Neither the disbursing official nor the payment certifying agency shall be liable- (A) for the amount of the administrative offset on the basis that the underlying obligation, represented by the payment before the administrative offset was taken, was not satisfied.").

Therefore, when the United States Department of Education and the Office of the Attorney General submitted for administrative offset to the Treasury Offset Program[2] debts owed by plaintiff, the Department of Treasury was required to offset the payment. It follows that the United States did not fail to meet its settlement obligations. To the contrary, the plaintiff has no claim for non-payment. See 31 U.S.C. §3716(c). The Court finds the plaintiff has failed to carry his burden. The plaintiff is not entitled to enforcement of the settlement agreement. In fact, the defendant has complied with his obligation under the parties' agreement. Mandatory application of the Treasury Offset Program resolves the plaintiff's motion. Nevertheless, the Court will briefly address the remaining arguments.

---

[2] Notably, the plaintiff does not deny owing the outstanding debt at issue.  And there seems no dispute that he was noticed of his responsibility in the administrative process and failed to pursue it.

*B.*

Second, the plaintiff contends, in the alternative, that his counsel is entitled to his contingent fee, as well as to receive reimbursement for costs advanced in prosecution of this case; counsel contends that Kevin Hughes is not the outright owner of that portion of the withheld funds. Invoking state law, La. R. S. 37:218,[3] the plaintiff submits his attorney has a special privilege to recover over any other impending debt. However, as defendant correctly points out, the plaintiff, and not the United States, is

---

[3]La. R.S. 37:218 states that:

By written contract signed by his client, an attorney at law may acquire as his fee an interest in the subject matter of a suit, proposed suit, or claim in the assertion, prosecution, or defense of which he is employed, whether the claim or suit be for money or for property. Such interest shall be a special privilege to take rank as a first privilege thereon, superior to all other privileges and security interests under Chapter 9 of the Louisiana Commercial Laws. In such contract, it may be stipulated that neither the attorney nor the client may, without the written consent of the other, settle, compromise, release, discontinue, or otherwise dispose of the suit or claim. Either party to the contract may, at any time, file and record it with the clerk of court in the parish in which the suit is pending or is to be brought or with the clerk of court in the parish of the client's domicile. After such filing, any settlement, compromise, discontinuance, or other disposition made of the suit or claim by either the attorney or the client, without the written consent of the other, is null and void and the suit or claim shall be proceeded with as if no such settlement, compromise, discontinuance, or other disposition has been made.

solely indebted to any third parties who rendered services to him. Like other creditors, the United States may assert its right of setoff against parties who are claiming derivatively from other parties against whom the setoff would be proper. U.S. v. Cohen, 389 F.2d 689 (5th Cir. 1967). Moreover, the United States has not waived sovereign immunity so as to be subject to enforcement of an attorney's lien based on state law. Harger v. Opinion Dep't of Labor, 560 F.3d 1071 (9th Cir. 2009). Furthermore, the settlement agreement itself states that "[i]t is also agreed . . . that the respective parties will each bear their own costs, fees, and expenses; and that any attorney's fees owed by the Plaintiff will be paid out of the settlement amount and not in addition hereto." The plaintiff's appeal to state law must be rejected.

C.

Third, insofar as the plaintiff seeks to vacate an action taken by a non-party, the Department of Treasury, through a motion for summary judgment against the defendant, the proper party to address in the case of offset is the agency to which the debtor owes the debt, not the Treasury Department. See Johnson, 300 F.App'x at 862. As directed by the correspondence he received from the Treasury Department, Hughes must direct his claim to the United States Department of Education and the United States Office of the Attorney General if he wishes to challenge the collection of the debt.

Accordingly, for the foregoing reasons, IT IS ORDERED that the motion for summary judgment and motion to enforce settlement is DENIED.

New Orleans, Louisiana, July 22, 2015

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE